## THE PEOPLE *against* BRADT.

Where a person is made a lessor, in ejectment, against his consent, and the nominal plaintiff, afterwards, becomes nonsuit, such lessor is not liable for costs; but the plaintiff's attorney, who used the name of such person, as a lessor, without his authority, is liable.

THE defendant was brought before the court, on an attachment, for the non-payment of the costs, in several actions of ejectment, in which he was one of the lessors.

*N. Williams*, in behalf of the defendant, moved for his discharge; and read several affidavits, from which it appeared that the suits in question had been commenced, without any authority from him, and expressly against his directions; that he had no title or claim to the land for which the suit had been brought, and that the attorney of the plaintiff was so informed by him.

*Williams* contended, that no person could be made a lessor in ejectment, and subjected to the payment of costs,

against his consent; that the defendant, especially, ought not to be made liable, when the attorney was informed, that he had no right or title to the premises. He cited 1 *Bac. Abr.* 180. tit. *Attachment,* and 4 *Johns. Rep.* 483. He also observed, that the attorney of the plaintiff ought to be compelled to pay the costs, and cited *Runnington's Eject.* 417. 1 *Str.* 402. 6 *Mod.* 309.

*Kellogg,* contra, observed, that the defendant, being regularly before the court, on the attachment, ought, at least, to be put to answer the interrogatories, which had been filed with the clerk, according to the practice of the court; but

*The Court* said, that, under the circumstances disclosed by the affidavits, the defendant ought to be discharged, on motion; that it would be useless to put him to answer interrogatories, when it appeared, that he had been made a lessor against his consent, and had no interest in the premises claimed by the suit. *The Court* also, expressed a strong disapprobation of the practice of making persons lessors in ejectment, against their consent; and said, that if an attorney makes a person a lessor against his will, and without authority, and the nominal plaintiff, afterwards, becomes nonsuit, the lessor should not be obliged to pay the costs, but the attorney should be liable; that, in the present case, the attorney might have been made liable for the costs, on a proper application for that purpose, but, as it appeared that no notice of any such claim against him had been made, nothing more would be done than to discharge the defendant.

Motion granted.