ALBANY,
Feb. 1811.

The PEOPLE
v.
BRADT.

---

## The PEOPLE *against* BRADT.

THE defendant was brought up on an attachment, for non-payment of the costs in several actions of ejectment, in which he was a lessor, at the last *August* term, (6 *Johns. Rep.* 318.) and was then discharged, on his affidavit, that he had no interest in the premises mentioned in the actions of ejectment, and that he had never consented to become a lessor; and the court granted a rule against the attorneys of the plaintiff, to show cause, at the last term, why an attachment should not issue against them, decide between the contradictory affidavits of the party and his attorney; but the party must pay the costs, and take his remedy over against the attorney, who inserted his name as lessor; but they stayed the proceedings, to give the party an opportunity to bring his action against the attorney, and to try the truth of the fact.

Where a lessor in an action of ejectment, was brought up on an attachment, for non-payment of costs, and he denied that he ever consented to have his name used in the action; the court said that they could not receive his denial, in bar of the attachment, nor

ALBANY,
Feb. 1811.

The PEOPLE
v.
BRADT.

for the costs. At the last term, the attorneys showed cause, by affidavits, which stated that *Bradt* did consent to have his name used as one of the lessors, in the actions of ejectment. The court thereupon directed a new attachment to be issued against *Bradt*, on which he was now brought up, and put to answer interrogatories. He admitted that he was the lessor named, and that he had refused to pay the costs; but denied his consent to have his name used as a lessor, or that he had any interest in the premises.

*Johnson*, for the plaintiffs.

*N. Williams*, for the defendants.

*Per Curiam.* The court cannot receive the defendant's denial of his consent to have his name used, in the actions of ejectment, as a bar to the process. If the fact be as he states it, he has his remedy over against the attorneys of the plaintiff in those suits. The court cannot judge between the contradictory affidavits of the party and the attorneys. The defendant in those suits must have his costs; and is not to lose them in consequence of the denial of the lessor and his attorneys, of any responsibility.

It is enough for the court that *Bradt* appears as a party to the record; and he confesses enough to show that he is in contempt, and to charge him with the payment of the costs. But as the aggregate of the costs in all the suits is large, the court, after adjudging him in contempt, direct his recognisance to be respited, at his prayer, until the next *August* term; *to the end* that he may have an opportunity, in the mean time, to bring his action against the attorneys of the plaintiff, on the charge of using his name without his consent, and thereby to bring the truth of that allegation to the test, by a trial of the fact.

Rule granted accordingly.