Catón, Justice, delivered the following dissenting opinion: The only question which I propose to consider is whether the real party to a suit, although his name does not appear on the record, can be compelled to testify against his interest. It was decided by this court, at the last term, (3 Scam. 464,) that a party to the record cannot be compelled to testify, even if he have no objection himself, without the consent of the real party. This rule is established and sustained from considerations of public policy, and it is inflexible. Dangers of, and temptations to perjury, first established it, and necessity of uniformity has made it universal. If it is considered dangerous and unwise to compel a mere nominal party, who has no interest in, or right to control the suit, how much greater the danger in forcing upon the stand him whose rights alone are directly in controversy. Is he more likely to tell the truth, or has he less temptations to perjury, than if his name happened to be written in the title of the cause? He is in fact, to all intents and purposes, a real party to the cause ; and we have a statute authorizing a judgment for costs to be rendered-directly against the person for whose use a suit is commenced, Every imaginable reason applies to excuse him, when his name does not appear on the record, that can be presented when it does. But this is not a case of first impiression. I think it is as well settled, by the decisions of the most respectable courts, both in England and America, as the other ease where the nominal party is excused. In the case of Rex v. The Inhabitants of Woburn, upon the trial of an appeal by the church wardens and overseers of the poor, in the case of the removal of a pauper, one Hillard, [* 322] an inhabitant of the appellant’s parish, rated and paying to the poor rates of the parish, was offered as a witness by the other side, and it was held that he was not bound to give evidence, when he objected himself. Lord Ellenborough held that although thte appeal was taken by the church wardens and overseers of the poor, still, in reality, the appeal was taken on behalf Of the inhabitants who pay the rates, and are the parties grieved. He says, “ It is a long established rule of evidence, that a party to a suit cannot be called upon, against his will, to give evidence; ” and it was held that he was such a party. But it is said that this witness was a party to the record, yet I think this is not so. His name nowhere appears on the record, but the suit is in the corporate name of “ the inhabitants.” He might have been a party in the interest one day and not the next, and yet no change made in the title of the cause. The decision was not on the ground that the witness was not a party to the record; but the chief justice expressly says, that that was not the case, which he at first thought a good answer to the objection, but on more mature consideration, he was excused alone on the ground that he was a party in interest. ■ In Mauran v. Lamb, 7 Cowen 174, the suit was on a check. The defendant called a witness, who swore she was the owner of the check, and objected to testifying. The court held that she was not bound to give evidence, and in delivering the opinion of the court, Woodworth, Justice, says: “ Mrs. Remsen was the real plaintiff and had a direct interest in the event of the suit. I think she ’ was not bound to give evidence, except with her assent.” The same rule was also held in The People v. Irving, 1 Wend. 21, where Southerland says: “ When the persons called upon to testify, alleged under oath, that they were the parties in interest, and entitled to the subject matter in controversy, in the suit in which their testimony was sought as witnesses, the judge did right to discharge them.” And the same rule is also repeated by chief justice Richardson, in giving the opinion of the court, in Copp v. Upham, 3 N. H. R. 162. He says, “ It is a well settled rule that a real party to a suit cannot be compelled to testify, although! his name does not appear upon the record,” So Mr. Greenleaf, in his work on Evidence,. (Greenl. Ev. 398,) lays down the same doctrine in unqualified terms. He says, “ Nor can one who is substantially a party to the record be compelled to testify, although he be not nominally a party.” And after a review of most, if not all of the cases, the learned editors to the last American edition to Phillips’ Evidence, lay down the same principle, without hesitation. Cowen and Hill’s notes to Phil. Ev., part 1, 141. In Robinson v. Neal, 5 Munroe 214 (See also 4 Johns. 140), the court says that the lessor of the plaintiff, in ejectment, [* 323] cannot be compelled to testify', for the reason that he is the party beneficially interested, although he is not nominally a party. In Title v. Grevett, 2 Ld. Raymond 1008, chief justice Holt lays down the rule as undeniable law, that “ a man that conveys land, may be a witness to prove that he had no title, because that is swearing against himself, but he is not compellable to give such evidenceand although he uses but few words to convey his ideas, yet he is correspondingly clear and perspicuous, and his decisions have always been considered, by all courts, as entitled to very great consideration. It is supposed that this case, and all other preceding ones, holding the same doctrine, are overruled in the case of Banerman et al. v. Radenius, 7 Term R. 661, in which Lord Kenyon says: “ If the question that has been made in this case had arisen before Sir M. Hale, or Lords Holt, or Hardwicke, I believe it never would have occurred to them, sitting in a court of law, that they could have gone out of the record, and considered third persons as parties in the cause.” And yet let it be remembered, that the same Holt is here referred to, whose brief but distinct decision I have just given. This language of Lord Kenyon shows that he had no thoughts himself that he was overruling that decision of Lord Holt, and probably never expected .that it would be made use of for that purpose. Nor was that the question before him. The enquiry there was whether the declarations of the nominal party to the suit could be given in evidence, when the party in interest objected. The ease relied on, in 5 Pick. 447, goes too far, and holds, that a party to the record may be compelled to testify as a witness. But I do not design to wander away from the question before me, and deny what I admit it could hardly require authorities to be cited, to prove, that a witness may be compelled to testify, although his testimony may expose him to a civil prosecution, or that he is a competent witness, if called by the party against whom his interest is. I may admit, with propriety, that if the interest of the witness is only collateral, that if his rights are not directly in litigation, he cannot claim exemption, although this principle has occasioned a great struggle in obtaining a footing in courts of law, and in England, required an act of parliament to settle it. But such is not the question which we are now examining. The present enquiry is whether one who is a real and substantial party in interest, who may be obliged to use the name of another to assert his rights, is compellable, when he objects, to testify in his own .cause ; and hence I do not think that cases in which this question did not arise, and probably was not thought of, however numerous they may be, can justly be considered as authorities in this, and especially of sufficient weight to overturn a number of cases, in the most respectable courts in England and America, both ancient and modern, where the question came directly in judgment, and was the only point on which [*324] the decision turned; and more particularly too, when these decisions have been referred to and adopted by the most learned and able commentators on the law of evidence. I have searched in vain to find a case where the question has been thus clearly and distinctly presented, where such a party has has been compelled to testify, when he has objected. It would perhaps be improper for me, in assigning briefly the reasons which have led me to the opinion which I entertain, to review at length, all the cases which are relied upon by my brother Young, in support of the decision of the majority of the court, for the purpose of pointing out wherein, with all deference, in my judgment, they are not applicable to this particular question. I think I must be already understood as holding a wide difference, between the cases where the witness’ interest may be only collaterally, remotely, or incidentally affected, and where he is 'in reality the owner of the subject matter in dispute, and his rights and interests are directly in controversy. I confess, it seems to me, that most of the authorities referred to apply to the first class of cases. I however admit that the case of Lowney v. Parham, 20 Maine 240, seems to be in point, so far as one of the expressions of the court goes, but it may be remarked that the case did not at all depend.on this question, for the court held that the testimony was properly excluded, on another ground, so that it was quite unnecessary for the court to say what mighty have been insufficient to exclude it. But it was urged at the bar, that unless McConnel was compelled to testify, the party is without remedy, because, as was supposed, he could not be made a defendant to a bill of discovery. But this is an entire mistake. It is not against parties to the record alone, that a bill of discovery, in aid of a suit at law, may be filed. The general rule is, (and I knowof but one exception) that whoever cannot be used as a witness, may be made a defendant to such a bill, and the converse of the proposition is generally true. But admitting the right of the party to make the beneficial plaintiff a defendant to a bill of discovery, it is said that it is better for the witness, and more convenient and expeditious for all parties, that lie should testify. This may be so, or it may not; of this, if it is his legal right, he should be allowed to judge. But the same reasoning would apply, and with equal force, to show that the nominal party had better be obliged to swear as a witness ; and that hence the rule that exempts him is not law. We are not seeking so much to know what the rule should be, as to learn what it is. If it is wrong, it should be altered elsewhere. The legislature has already clothed the courts of law with the power to compel the production of all necessary books and papers, and have thus superseded the necessity of this aid from the courts of chancery, to a great extent, and if necessary, they will extend it still farther. If the party was surprised, upon [*325] the trial, by discovering the position of the proposed witness, and in consequence, a verdict went against him, the court would grant him a new trial, and enable him to procure the evidence properly. The circumstances of this case, I know, are extraordinary, and such as may never again occur; but the principle which we are deciding may be of frequent application, and we must remember, while we are deciding this case, we are also deciding many others. I think the plaintiff in interest should not have been compelled to testify. Although I did not participate in the decision of this case on the former argument, I think the court then decided correctly, and that the same decision should be again made. Treat, Justice, said : I dissent from the opinion of the court, and concur generally in the views expressed by Mr. Justice Oaton. Judgment affirmed.