# HALLETT *vs.* HASTIE.

[MOTION FOR TAXATION OF COSTS IN EJECTMENT.]

1. *Liability of plaintiff's lessor for costs.*—If an action of ejectment is brought in the name of a person as lessor, without his knowledge or consent, and he fails to notify the defendant of that fact within a reasonable time after receiving notice of the institution of the suit, and suffers the action to proceed to final judgment and execution against him, without taking any other steps to relieve himself than simply to *disclaim* the suit in a letter to the plaintiff's attorney,—the court will not, on motion, vacate the judgment against him, and tax the costs against the parties at whose instance the suit was instituted, when it is not shown that the latter are solvent, or that they are citizens of this State.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

IN this case, on the 2d February, 1858, William R.
Hallett filed his written petition in said court, verified by
his own affidavit before the clerk, stating that, some time
in 1852, an action of ejectment was brought in said court
on his demise, as the executor of Joshua Kennedy, de-
ceased, against Origen Sibley and others, tenants in pos-
session; that said action was instituted at the instance of
John H. Hastie and John G. Aiken, who had each mar-
ried a daughter of said Kennedy, and who employed the
attorney by whom the suit was brought; that the petitioner
did not authorize the suit to be brought in his name, or
on his demise, and never in any manner assented thereto;
that he had no interest in the suit, and no knowledge of
its institution; that at the spring term of the court, 1857,
a judgment for costs (amounting to $218) was rendered
against him, on which an execution was issued, to be
levied of his testator's goods in his hands, and was
returned " no property;" and that another execution was
then issued against him individually, which was in the
sheriff's hands when the petition was filed. The prayer
of the petitioner was, that the judgment against him
might be vacated, and that the costs might be taxed
against the said Hastie and Aiken, or against their attor-
ney.

On the hearing of the petition, at the ensuing June term,
1858, as appears from the bill of exceptions, "Hallett
introduced proof showing that said action on his demise
was not brought with his knowledge or consent, but was
brought at the instance of said Hastie and Aiken. But
it appeared that, after the suit was brought, Hallett was
informed that it was brought in his name, and, a short
time before the trial, wrote to the attorney who brought
it, disclaiming the suit, and denying the right to bring it
in his name. The papers in the ejectment suit, with the
judgment therein rendered, were also read in evidence;
and it appeared that the cause was several times set for
trial, and notice thereof was published in the newspapers.

An affidavit of M. H. Bloodgood, and a letter of said Hallett, were also read in evidence, which were as follows." (Bloodgood's affidavit states, that he married a daughter of said Kennedy, and that he several times disclaimed to Hallett, after the institution of the ejectment suit, all interest therein on the part of himself and his wife. The letter of Hallett is not set out in the record, and the clerk certifies that it has been lost or mislaid.) "The court decided, that Hallett was liable for the costs, and that he could not, in this summary way, charge the same to Hastie and Aiken, or to their attorney; to which ruling and decision of the court the said Hallett excepted," and he now assigns the same as error in this court.

E. S. DARGAN, for appellant.

DANIEL CHANDLER, contra.

STONE, J.—If this motion were prosecuted by Sibley and others, the tenants in possession, or by Smith, their landlord, seeking to have the costs taxed against the parties not on the record, but who, it is alleged, had this suit brought, or against the attorney who used the name of Mr. Hallett, as he alleges, without his consent, a very different question would be presented from the one brought to view by this record. We need not, and do not, announce what would be our decision on such motion. See Thrustout v. Nixon, 10 Barn. & Cress. 110; Masters v. Gray, ib. 615; Evans v. Rees, 2 Ad. & El. (N. S.) 334; Jackson v. Van Antwerp, 1 Wend. 295; Canby v. Ridgway, 1 Binney, 496; Norton v. Rich, 20 Johns. 475.

In the present case, suit was brought on the demise of Mr. Hallett, and, as his affidavit discloses, without his knowledge. While the suit was pending—but at what stage of the litigation the record does not inform us—he received notice that his name had been thus used. Although he does not appear to have sanctioned this use of his name, but, shortly before the trial, wrote to the plaintiff's attorney, disclaiming the suit; yet, so far as the record discloses, he took no steps to have his name stricken from the file, or to notify the defendants that he dis-

owned the litigation.   In fact, we do not hear any public complaint from him, until execution against him, to be levied *de bonis testatoris*, had been returned "no property," and another, to be levied *de bonis propriis*, has been actually levied on his property.

In the case of People v. Brady, 6 Johns. 318, a lessor of the plaintiff, whose name had been used against his consent, and who was in prison under a judgment for costs, was, on motion, discharged by the court, it appearing he had no interest in the litigation.   At a subsequent term, when the attorneys who instituted the suit had been brought before the court, on a rule to show cause why an attachment should not issue against them for the costs, they made affidavit that the defendant, Brady, had consented to have his name used as one of the lessors in the ejectment suit.   Thereupon, the lessor being again before the court, judgment was suspended against him, that he might, by suit against the attorneys, test the question of their liability ; the court, on the motion, refusing to try the disputed question of fact.—S. C., 7 Johns. 539.

In Colvard v. Oliver, 7 Wend. 497, it was ruled, that a party in interest in a suit, who prosecutes in the name of another, will, on the application of such nominal party, be directed by rule of court to pay the costs adjudged in the suit against the party to the record.

In the later cases of Miller v. Adsit, 18 Wend. 672–4, and Bendernagle v. Cocks, 19 Wend. 151, the doctrine of the above cases was somewhat shaken.

In Livingston v. Clements, 1 Hill, (N. Y.) 648, the court refused to make an order that the party who was really interested in the defense, though not a party to the record, should pay the costs; "especially as the facts on which the motion rested were rendered doubtful by counter affidavits."—See, also, Hayward v. Giffard, 4 Mees. & Wels. 194.

It will be observed by examining the authorities above cited, that the different courts, and even the different decisions of the same court, do not always announce the same principle in the same terms.   The whole system of

taxing costs against parties not known upon the record, seems to rest on the power of courts over its own officers, and those who employ them as agencies in carrying their purposes into effect. It is not a substantive or independent ground of its jurisdiction, but an incident to the power it exerts over its suitors and officers. Hence, the power invoked in this case is never exercised, except in cases where the facts are clear and undisputed.

It must be conceded that, in this case, Mr. Hallett gave no authority for the institution of the suit in his name, as lessor of the plaintiff. It is equally true that he was informed, while the suit was pending, that his name had been so used. How soon after the institution of the suit he received this information, the record does not disclose. Mr. Hallett had this information, and could have embodied it in his affidavit. His failure to do so justifies us in presuming that he received the information long before the suit was tried and determined against him. Still, he permitted the suit to progress in his name, and contented himself with addressing a letter to the plaintiff's attorney, in which he *disclaimed* the suit, and denied the right to bring it in his name. We are not informed that the defendants, or the court, had any notice of his disclaimer, or that any motion was ever made to have the suit dismissed.

The motion made in this case, as we understand it, had for its object the discharge and vacation of the judgment for costs rendered against Mr. Hallett, and the rendition of a new judgment against Aiken and Hastie, or their attorneys, as it is alleged. The record does not inform us that the parties sought to be taxed with the costs are solvent, or that they are citizens of Alabama. The defendants, having no notice pending the litigation that Mr. Hallett's name had been used against his consent, were authorized to look to his solvency, if it existed, as a guaranty that the costs would be paid. Mr. Hallett having failed, within a reasonable time after he had notice that the suit was pending in his name, to move for security or indemnity against costs, or that the suit be dismissed, we

think it our duty, if there existed no other reason, to withhold the relief which he seeks.

We do not now announce what would be our opinion, if this motion were prosecuted by the defendants in the action, or if Mr. Hallett had moved the court, by virtue of its power over its officers, to compel the attorney who had used his name to pay the taxed costs. The question, in either of those forms, is not brought before us. This motion sought another and a different object, and as made we overrule it.

Judgment affirmed.