SNYDER (UNITED STATES v.). See Case No. 16,351.

SOCIETE LA ANONYME DES MINES v. BAXTER. See Case No. 8,099.

---

## Case No. 13,155.

SOCIETY FOR THE PROPAGATION OF THE GOSPEL v. HARTLAND et al.

[2 Paine, 536.] [1]

Circuit Court.[2]

STATUTE OF USES—RES JUDICATA — PARTIES — THIRD PERSONS—EQUITY—EFFECT OF DECREE.

1. The statute of uses (27 Hen. VIII.) has been adopted by Vermont, and generally by the New England states.

2. A matter which has been directly tried and decided by a court of competent jurisdiction, cannot be again contested between the same parties or privies in the same or any other court: and in this there is no difference between a verdict and judgment in a court of common law and a decree in a court of equity; but no rights will be affected by a recovery except those of the actual defendants, and those claiming through them and purchasers pendente lite.

3. But this rule does not apply to matters which come only collaterally or incidentally under consideration. or can only be inferred by arguing from the decree.

4. All persons materially interested in the subject of a suit in equity. ought to be made parties, either as plaintiffs or defendants; but as this is a rule established for the convenient administration of justice, it is subject to many exceptions. and is more or less a matter of discretion in the court. and ought to be restricted to parties whose interest is involved in the issue, and to be affected by the decree. And where one was clearly interested in the subject-matter of the suit, but nothing was asked from him by the bill. and his rights were not put in issue, and nothing was required by the decree to be done by him. it was held not necessary to make him a party.

5. The ground of the rule as to dispensing with parties. is especially applicable to the courts of the United States on account of their peculiar jurisdiction over parties. And although they will require the plaintiff to do all in his power to bring every person concerned in

---

[1] [Reported by Elijah Paine, Jr., Esq.]

[2] [District and date not given. 2 Paine, 536, includes cases decided from 1826 to 1840.]

interest before the court, yet, if the case may be completely decided as between the litigant parties, the circumstance that an interest exists in some other person whom the process of the court cannot reach ex. gr., a non-resident ought not to prevent a decree upon the merits. If. however. such a decree cannot be fitly made without substantial injustice to third persons, the court will withhold its interposition.

At law.

THOMPSON, Circuit Justice. The two questions which arise in this case are: 1. Whether the propagation society are seized of such estate in the land in question, as will enable them to maintain an action of ejectment. 2. Whether the decree of the supreme court of this state, in the year 1811, is conclusive upon the right of the society, and estops them from maintaining this action.

The charter under which the society claims the land in question, is from the governor of the province of New York, and bears date on the 23d of July, 1766; and by this charter the land in question is granted to the persons therein named, to and for the only proper and separate use and behoof of the Society for the Propagation of the Gospel in foreign parts, and their successors forever; and to and for no other use and uses, intent or purposes, whatsoever. If this charter is to take effect under the statute of uses (27 Hen. VIII.) the use here declared is by the operation of that statute converted into a legal estate. That statute transfers the uses into possession, by turning the interest of the cestui que use into a legal estate, and annihilating the intermediate estate; and the cestui que use becomes seized of the legal estate by force of the statute, and the use and the land become convertible terms. There can be no doubt but that a party, in order to maintain an action of ejectment, must have the legal estate.[3]

---

[3] In ejectment by the people. proof that the premises claimed were vacant and unoccupied within the period necessary to be shown to establish against the plaintiff's title by adverse possession, is prima facie sufficient to authorize a recovery. People v. Denison, 17 Wend. 312. It cannot be objected on the trial of an action of ejectment in which the people are plaintiffs, that the suit is prosecuted without the knowledge. or permission of the attorney-general. Id. It is not necessary that the wife should join with the husband in an action of ejectment, for the recovery of land conveyed to husband and wife. Jackson v. Leek, 19 Wend. 339. In ejectment by two plaintiffs, where the declaration contains two counts, one alleging title in one plaintiff only. and the other alleging title in the other. and a verdict is found in favor of one plaintiff, and as to the other plaintiff the jury find for the defendant. costs are recoverable by the defendant against the plaintiff who fails to show a right to recover. Maybury v. Evans, Id. 625. Where the premises are unoccupied, parties claiming title thereto, or some interest therein. may be named as defendants in an action of ejectment; and they are not permitted to complain that others should have been made defendants instead of themselves, if, when applied to on the subject, they omitted to set the plaintiff right. It seems, that sometimes the plaintiff in ejectment has an election as to defendants. Edwards v. Farmers'

When this charter was granted, the territory in which this land is included was under the jurisdiction of the province of New York; and if the effect and operation of the charter is to be construed with reference to the laws of that province, the question would be considered at rest. It was not denied upon the argument, and I believe it cannot be doubted, but that, at the date of this charter, the statute of uses, as a part of the common law, was in force in that province. 3 Johns. 485, 394, 302, 304, note a.

It may be proper, however, to inquire whether that statute is to be considered in force in the state of Vermont. We have not been very satisfactorily referred to any settled course of decision in the courts of this state upon that subject, and the few cases that have arisen seem not to have settled the question, in the opinion of the bar. It has been a principle very generally admitted in the several states, that the English statutes passed before the emigration of our ancestors, and which were applicable to our situation, and were in amendment of or amelioration of the English common law, were to be considered in force here, and to constitute a part of the common law; and this would seem to be a principle recognized by the legislature of this state; for, by an act passed in February, 1779, it is declared that the common law, as it was generally practiced and understood in the New England states, shall be the law of this state; and the act passed in June, 1782, adopts the common law of England, with such statutes and parts of statutes as were passed prior to October 1, 1760, for the alteration and explanation of the common law, and which were not repugnant to the constitution or any act of the legislature, and were applicable to the circumstances of the state. Mr. Dane, in his Abridgment of American Law, says: Though the question has

been made by some, there is no doubt but that the statute of uses was adopted in the English colonies generally. Conveyances found upon it appear to have been made at very early periods, much after the English form. There can be no doubt, says he, but that the statute of uses has been adopted in Massachusetts, though not practiced upon in numerous instances, yet it has been here in use from the first settlement of the country; and the adjudged cases referred to by him, and those cited in the argument, show his remark to be well founded—so far, at all events, as relates to the New England states; and the Vermont statutes referred to would seem to adopt this as the rule by which to determine this question in Vermont. 4 Dane, Abr. 214, 251; 4 Mass. 133; 6 Mass. 31; 3 N. H. 261, 264; 1 N. H. 64, 232, 264; 1 Swift, Dig. 133; Kirby, 568; 1 Conn. 354.

If, then, the society has the legal estate so as to maintain an ejectment, the next question is. how far their right is affected by the decree of 1811, in the supreme court of this state. The bill, in that case, was filed against Oliver Willard, and the tenants on the land who held the possession under him, (Willard,) to convey to the town of Hartland the legal estate he held under the charter, and to put the town in possession of the land, and the receipt of the rents, the town claiming to hold the land under certain laws of the state of Vermont, which had declared the right claimed by the society invalid or void, and to be vested in the town for the use of schools. In the course of the proceedings Oliver Willard died, and his administrator was substituted in his place; and the decree, so far as it relates to the title, was against the administrator: by which he is required by a good and sufficient deed to quit-claim to the orators, all the right and title of the said Oliver Willard which he

Fire Ins. & Loan Co.. 21 Wend. 467. If the name of a lessor is made use of in an action of ejectment without his consent, the court will order it struck out. Jackson v. Ogden, 4 Johns. 140. Where it appeared that a lessor in ejectment had been made a lessor against his consent, the court expressed a disapprobation of such practice; and said that the attorney, and not the lessor, should be liable to pay the costs. People v. Bradt, 6 Johns. 318. But, in such case, the court cannot judge between the contradictory affidavits of the party and the attorneys. The defendant must have his costs, and is not to lose them in consequence of the denial of the lessor and his attorneys of any responsibility. It is enough for the court, that the lessor appears as a party to the record: but as the costs were large. his recognizance was taken at his prayer until the next term, to the end that he may. in the meantime. sue his action against the attorneys. Id., 7 Johns. 539. See Jackson v. Ogden, 4 Johns. 140. Ejectment for dower, as in other cases, must be brought against the actual occupant. if there be one; and if there be none, then against the person exercising acts of ownership over, or claiming to be interested in the premises. Sherwood v. Vandenburgh, 2 Hill, 303. Several defendants may be joined in one action, where the title of

the plaintiff in respect to all is the same, although their possessions are several and not joint; and each of the defendants may be found guilty for the part in his possession, and the plaintiff have judgment against them severally. Jackson v. Woods, 5 Johns. 278; Jackson v. Scoville, 5 Wend. 96; Jackson v. Andrews, 7 Wend. 152. In ejectment, although the use of the names of any other than the real claimants is abolished. still counts may be inserted in the name of both grantor and grantee, where the objection of adverse possession at the time of the conveyance to the grantee is anticipated; otherwise, the recovery may be defeated by showing a conveyance out of the plaintiff named in the first count. Ely v. Ballantine, 7 Wend. 470. The general rule is, that a person ought not to be made a lessor who has no claim or pretension to a subsisting title or interest in the premises. If any person, who may have once had a title, is to be made a lessor, the burden of deducing a title from him. is taken from the plaintiff and thrown on the tenant, which would be unreasonable. If there is a case which ought to be excepted from this rule. it ought to be clearly and specially stated to the court. Jackson v. Richmond, 4 Johns. 483. See Vermont v. Propagation Society [Case No. 16,919.]

held in trust for the said society. A deed in execution of the decree was accordingly given, and the tenants required to attorn to the town, and pay all the past rents due from them from the 21st of April, 1806, and to pay to the town all future rents to accrue upon the leases from Oliver Willard. The society was in no way made a party to the suit, and it was not necessary it should be for the purposes for which the bill appears to have been filed. The only object of the bill was to put the town in the place of Willard, by releasing to it the legal estate he held. The town assumed to hold the right of the society under and by virtue of certain laws of the state of Vermont; but nothing in the bill is asked from the society. The right of the society is not put in issue, and nothing is required by the decree to be done by the society. No one, says the supreme court of the United States, in the case of Kerr v. Watts, 6 Wheat. [19 U. S.] 650, need be made a party defendant, from whom nothing is demanded; and no rights will be affected by a recovery but those of the actual defendants and those claiming through them; that none are subject to the direct and binding efficacy of an adjudication except parties, privies and purchasers pendente lite. The general rule undoubtedly is, that a matter which has been directly tried and decided by a court of competent jurisdiction, cannot be again contested between the same parties or privies, in the same or any other court; and in this there is no difference between a verdict and judgment in a court of common law and a decree of a court of equity. They both stand on the same footing, and may be offered in evidence under the same limitations. This rule has found its way into every system of jurisprudence, not only from its obvious fitness and propriety, but because, without it, an end could never be put to litigation. The point is considered res judicata, so far as the court professes to decide the particular matter in dispute. But the rule does not apply to matters which come only collaterally or incidentally under consideration, or could only be inferred by arguing from the decree. This is the rule and the limitation upon it, as laid down by the supreme court in the case of Hopkins v. Lee, 6 Wheat. [19 U. S.] 113. In the case of Mechanics' Bank of Alexandria v. Seton, 1 Pet. [26 U. S.] 306, it is laid down as a general rule, as to parties in a bill in chancery, that all persons materially interested in the subject of the suit ought to be made parties, either as plaintiffs or defendants, in order to prevent a multiplicity of suits, and that there may be a complete and final decree between all parties interested; but that this is a rule established for the convenient administration of justice, and is subject to many exceptions, and is more or less a matter of discretion in the court, and ought to be restricted to parties whose interest is involved in the issue, and to be affected by the decree. That the relief granted will always be so modified as not to affect the interest of others. 2 Madd. 180; 1 Johns. Ch. 350. And in the case of Elmendorf v. Taylor, 10 Wheat. [23 U. S.] 54, the court, in commenting upon this rule, which requires all persons concerned in interest, however remotely, should be made parties to the suit, say, that though the rule is applicable to most cases in the courts of the United States, it is not applicable to all. In the exercise of its discretion, the court will require the plaintiff to do all in his power to bring every person concerned in interest before the court. But if the case may be completely decided as between the litigant parties, the circumstance that an interest exists in some other person, whom the process of the court cannot reach, as if such party be a resident of some other state, ought not to prevent a decree upon the merits; and in the case of Mallon v. Hinde, 12 Wheat. [25 U. S.] 197, the court, in speaking of the liberal extension of this discretion, as to parties in the courts of the United States, owing to their peculiar jurisdiction over parties, say, we do not put this case upon the ground of jurisdiction, but upon a much broader ground, which must equally apply to all courts of equity, whatever may be their structure or jurisdiction. We put it on the ground that no court can adjudicate directly upon a person's right, without the party being either actually or constructively before the court. This rule, as to parties in equity, is very elaborately considered in the case of West v. Randall [Case No. 17,424]; 8 Wheat. [21 U. S.] 451, note,[4] and it is said that the ground of the rule as to dispensing with parties is peculiarly applicable to the courts of the United States. But the principle always, of course, supposes that the decree can, as between the parties before the court, be fitly made without substantial injury to third persons. If it be otherwise, the court will withhold its interposition.

Let us apply the rules and principles recognized and established by these cases to the

[4] It is a general rule in equity, that all persons materially interested in the matter of the bill, as plaintiffs or defendants, ought to be made parties to it, however numerous they may be. West v. Randall [supra]; Caldwell v. Taggart, 3 Pet. [28 U. S.] 190; Trescot v. Smyth, 1 McCord, Eq. 301; Crocker v. Higgins, 7 Conn. 342; Duncan v. Mizner, 4 J. J. Marsh. 447; Wendell v. Van Rensselaer, 1 Johns. Ch. 344. But there are exceptions to the rule, as where the other party is without the jurisdiction, &c. So part of a crew of a privateer, suing for prize money. So creditors suing in behalf of all creditors, &c. West v. Randall; Lucas v. Bank of Darien, 2 Stew. (Ala.) 280; Joy v. Wurtz [Case No. 7,554]. But it cannot be dispensed with where the rights of persons, not before the court, are so indispensably connected with the claims of the parties litigant, that no decree can be made without impairing the rights of the former. Hallett v. Hallett, 2 Paige, 15. Where there are many persons having claims on a fund, and the shares of a part cannot be determined until the rights of all the others are

decree now in question. The society was not made a party. The object of the bill did not require it. The court had before it all the parties necessary to enable it to decide upon the specific relief prayed, and the decree does not profess to decide directly the right of the society; and then, upon the broad rule laid down in the case of Mallow v. Hinde [supra], that no court can adjudicate directly upon a person's rights who is not a party before the court, it follows, as matter of course, that the rights of the society cannot be affected by that decree.

It was urged, at the argument, that this court was concluded by its own decision upon this point in a case between these same parties, at the October term, 1834. If this court, in that case, decided any point repugnant to the doctrine contained in the cases now referred to and relied upon, it was erroneous, being in conflict with the decisions of the supreme court of the United States, by which we are controlled, and the error ought to be corrected; and it is matter of consolation, that if any mistake was then made, it was not to the prejudice of the party against whom we now feel ourselves bound to decide. But we apprehend it is a mistake to suppose that our present decision upon this point is at all in conflict with what was decided in that case. The object of the bill, in that case, was to recover from the defendants the rents they had received under and by virtue of the decree of 1811, and at the same time impeaching the decree, and denying that it concluded the right of the society. The court dismissed the bill, on the ground that this decree could not be impeached in this manner, and that the society, by claiming the rents that had been received under it, thereby affirmed the validity of the decree. Judgment for the plaintiff.

———

SOCIETY FOR THE PROPAGATION OF THE GOSPEL (VERMONT v.). See Cases Nos. 16,919 and 16,920.

---

settled and ascertained, as in the case of residuary legatees, or creditors of an insolvent estate, all must be made parties; or they must have an opportunity of coming in and substantiating their claims before any distribution of the funds can be made. Id. If persons are made parties defendant unnecessarily, the bill will be dismissed as to them with costs. Covenhoven .v. Shuler, 2 Paige, 122. A person is a necessary party to a suit, when no decree in relation to the subject-matter of litigation can be made until he is properly before the court as a party; or where the defendants in the suit have such an interest in having such person before the court as would enable them to make the objection if he were not a party. Bailey v. Inglee, Id. 278. A defendant may in some cases be a proper party to a suit, although he is not a necessary party; as in the case of a fraudulent assignment of a trust-fund, where the cestui que trust may, at his election, either proceed against the trustee alone, or may join the fraudulent assignee in the same bill. Id.