## The Inhabitants of WISCASSET *vs.* TRUNDY.

An action to recover a penalty of fifty dollars for a violation of the statute of 1834, *ch.* 141, entitled, " an act for the regulation of innholders, retailers and common victuallers," was held to be rightly brought in the name of the inhabitants of the town where the offence was committed.

THIS case, which was debt for a penalty, is *sufficiently stated* in the opinion of the Court, which was delivered by

EMERY J. — The inhabitants of *Wiscasset* are said in the writ to prosecute in this action by *Ebenezer Hilton, Patrick Lenox* and *Ebenezer Albee,* their Selectmen ; and *Edmund Dana,* their Treasurer and Clerk : and the suit is founded on the statute of this State, *ch.* 141, *sec.* 1*st* and 10*th,* passed *March* 13th, 1834, entitled, " An Act for the regulation of Innholders, " Retailers and common Victuallers."          •

The first section imposes a penalty of " fifty dollars on any " person for being a common victualler, innholder, or seller of " wine, brandy, rum, or any strong liquors, by retail, or in less " quantities than twenty-eight gallons, and that delivered and " carried away at one time, except such person be duly licensed, " &c."

The 10th section provides, " that any fine, forfeiture or penalty, " not exceeding twenty dollars, arising for any of the offences, " mentioned in the act, shall be recovered by action of debt be- " fore any Justice of the Peace within the same county where " said offence was committed ; one moiety thereof to the use of " the person, who may sue therefor, and the other moiety thereof " to the use of the town where such offence was committed. " And all forfeitures or penalties exceeding twenty dollars, wheth- " er on bond or otherwise, shall be recovered by action of debt in " any court competent to try the same. And the whole of such " forfeitures and penalties shall be for the use of the town where " the offence was committed. It shall be the duty of the select- " men, treasurer, town clerk of towns, the assessors, treasurer " and clerk of plantations, and the aldermen and city clerk of " cities to prosecute each and every person who, without being " duly licensed, shall presume to be a common victualler, inn- " holder or retailer, upon their obtaining evidence thereof,"

At the Court of Common Pleas the defendant moved that the writ be quashed — and the plaintiffs moved that they might so far amend their writ and declaration as to strike out the words "the inhabitants of the town of Wiscasset," and leave the Selectmen and Clerk and Treasurer aforesaid as plaintiffs — which motion to amend was overruled by the Court of Common Pleas, and upon the motion of the defendant, it was decided by the Court that the writ be quashed and that the defendant recover costs of suit. From this judgment the plaintiffs appeal.

If there be a misjoinder of plaintiffs in an action, the defendant may plead it in abatement, or it will be a good cause of nonsuit at the trial. If apparent on the face of the declaration, the defendant may demur, or move in arrest of judgment, or bring a writ of error. At common law, while the proceedings are on paper, amendments have frequently been allowed in penal actions. They are not ranked under the head of criminal Law or crimes. They are as much civil actions as an action for money had and received. *Cowper*, 382, *Archeson* v. *Everett.*

Yet motions for leave to amend as to striking out names of parties have sometimes been treated without much indulgence. Thus in *Treat et al.* v. *McMahon*, 2 *Greenl.* 120, the court refused to amend by striking out the name of one of the demandants which had been improperly inserted. And in a *qui tam* action, *Evans* v. *Stevens*, 4 *Term Rep.* 224, *Buller* Justice said, there was no instance in which the court had given leave to amend as to the parties to the writ in a *qui tam* action after demurrer.

In the case now under consideration, no demurrer is joined; but all the rights of the defendant are open to him on the motion, for all is apparent on the record on which it is grounded.

It is true also that a common informer cannot sue at Common Law for any penalty, but where power is given him for that purpose by statute, either in express terms or by implication. *Fleming qui tam* v. *Bailey*, 5 *East Rep.* 313.

And the doctrine in the English Law is, that where a penalty is created, and no particular mode pointed out in which it shall be recovered, nor any particular person specified to whom it shall be paid, it can only be sued for by the Sovereign. *Davis* v. *Ed-*

*mundson,* 3 *Bos. & Pul.* 382.   In such circumstances *here,* the prosecution would be by the State.

In a neighboring State it has been decided, that where a statute prohibits an act under a penalty, and gives one moiety to the public and the other to a common informer, the State may prosecute for the whole, unless a common informer has commenced a *qui tam* suit for the penalty.   *State* v. *Bishop,* 7 *Con. Rep.* 181. This too is the rule of the Common Law.   *The King* v. *Hymen,* 7 *Term Rep.* 536 ; *Rex* v. *Clark et al., Cowp.* 610.

The construction of a statute must be made in suppression of the mischief and in advancement of the remedy.   6 *Term Rep.* 20.   And though penal laws are to be construed strictly, and are not to be enlarged by parity of reason, nor extended by equitable construction, yet even in penal laws the *intention of the Legislature* is the best method by which to construe the law.   *The King* v. *Gage,* 8 *Mod. Rep.* 65.

And there is not wanting authority for some liberality of construction of the remedy sought on a penal statute.   Thus in 7 *Term Rep.* 454, in the suit *Holmes & als. assignees of Brook, a Bankrupt,* v. *Walsh,* the action was debt on the stat. 5 *Geo.* 2, *ch.* 30, *sec.* 29, against the defendant to recover £2283. 15. 0, being double the amount of the sum which he swore was due to him under *Brook's* commission.   The *statute* provided, that the penalty was to be recovered and levied as other penalties and forfeitures are upon penal statutes after conviction, to be levied and recovered — and such double sum shall be equally divided among all the creditors seeking relief under the commission.

One of the objections of the defendant was, that if any action could be brought, this action could not be supported by the assignees of the bankrupt.   And the argument was, that the statutes, which vest the property of the bankrupt in the assignees, only authorize them to sue for debts due to, or on contracts *made* by a bankrupt.   This action was not founded on a contract, nor was the sum to be recovered a debt due to the bankrupt ;   that though the assignees being creditors are some of the persons grieved, they alone were not entitled to sue in this case, inasmuch as the rest of the creditors ought also to have joined.   *Lord Kenyon* observed that, when this act directed that the penalty,

when recovered, should be equally divided among all the creditors he should have no doubt but that this might be recovered by the assignees, who sue for the benefit of themselves and the other creditors.

It has also been asserted that the words of a statute giving the penalty, being to any person, or persons, who would sue for the same, a corporation could not sue.

The word persons, to whom under the statute in which the power of suing for the penalty was given, was taken in its common acceptation of the words describing them as natural persons only; and of course corporations did not come within the description of persons required by the statute.

But where power is given to a corporation *eo nomine,* to sue for the purpose of recovering penalties for their own use, or other purposes, there appears to be no legal objection to their suing. See *Rex* v. *Malland,* 2 *Str.* 928.

So if there be an appropriation of the penalty for the use of a corporation, distinctly made known by the statute, it would appear to be conformable to the rules of law that they might claim it directly.

And the construction which we make of the right to prosecute in the manner in which this suit is followed, we think has some support from the case, *Pegot* v. *Thompson,* 3 *Bos. & Pul.* 147. This was an action of *assumpsit.* By three statutes, certain persons by name, and all persons qualified as the Acts direct, were appointed commissioners for draining certain fen lands in the Isle of Ely, and empowered to erect certain toll gates and receive the tolls which were vested in the commissioners and their successors; and they let the tolls to the defendant for three years, and he signed a paper, acknowledging to have hired the tolls for three years, by private contract at £145 per an. to be paid to the treasurer of the commissioners, at his house in Ely, by twelve equal monthly payments in each year. This was on the 23d of *June,* 1798, and the plaintiff then was and still to the time of the decision in 1802, treasurer to said commissioners. The treasurer was the officer of the commissioners, appointed under the act of Parliament with an annual salary. The defendant continued to hold and receive the tolls during those three years, and during that

time paid to the plaintiff several sums on account of said rent ; but £63.7.6 remained due, to recover which, the action was brought. A verdict was taken for the plaintiff for that amount, subject to the opinion of the court, on the question whether under the circumstances the plaintiff was entitled to recover. The court decided that the appointment to pay to the treasurer, was meant for the benefit of the commissioners. And they alone could sustain the action. That the contract was made with the commissioners, and to pay to them through the medium of their officer. See *Dutton and wife* v. *Poole,* 1 *Vent.* 318, *and* 332 ; *Martin* v. *Hende, Cowp.* 437 ; *Shaw* v. *Sherwood, Cro. Eliz.* 729.

It would seem to follow, that if there be a particular person specified to whom a penalty should be paid, that person would be justified in assuming the character of plaintiff, to recover it.

And we must look to the object and intention of our own legislature, in designating the persons to be benefitted by the penalty, and who ought to be plaintiffs : and also those agents, who are to prosecute in cases like the one under discussion.

The statute says, the whole of these penalties shall be for the use of the town. And it shall be the duty of the selectmen, treasurer, town clerk of towns, to prosecute. But the statute does not say that the prosecution shall be in their names, solely nor separately, as plaintiffs.

It is said, that the reason for sharing a penalty with an informer, is to make self-interest subservient to public convenience, by interesting a third person in bringing offenders to justice, whose ill deeds might otherwise remain undiscovered or neglected.

And in the statute in question, the smaller penalties are divided between the person suing and the town.

It is not to be supposed, that the legislature meant to diminish the existing means of punishing offences, where no reason could advise that policy. Therefore, it may well be asked, whether the duty imposed on the several officers named, was to be executed by either severally, or by all collectively. We do not mean to decide that it might not be performed by either of them. Nor would we be thought to approbate or recommend that course. In certain circumstances it might be the only way of carrying the law into effect, unless the suit may be instituted in the name of

the inhabitants of the town. And certainly, these several officers would be indictable, for omitting to prosecute upon having evidence of the infraction of the law. But that might not bring about the reformation of the victualler, innholder, or retailer, nor enable the town to have the benefit of the penalty.

It is always to be presumed, that the legislature intend the most reasonable and beneficial construction of their acts, so that the existing rights of the public or individuals be not infringed. And whenever the intention of the makers of a statute can be discovered, it ought to be followed with reason and discretion in the construction of the statute, although such construction seem contrary to the letter of the statute. *Jackson ex dem. Scofield* v. *Collins,* 3 *Cowen,* 89; *The King* v. *Younger,* 5 *T. R.* 449.

The design of this statute was to invest the town with the right to realise the penalty from those who presumed to exercise the employment noticed in the statute, without being licensed.

The aid and countenance and vigilance of the municipal officers were required to prosecute the common victualler, innholder or retailer, who set those wholesome regulations at defiance.

And our construction is, that the prosecution ought to be in the name of the Inhabitants of the town, as the penalty is for their use.

It cannot vitiate the proceedings that the Selectmen, Treasurer and Clerk are stated in the writ as moving the prosecution for their principals, the Inhabitants.

Indeed, in our judgment, it is the most correct way of proceeding. The record ought to show, as this does, for the justification and protection of those officers, that they have performed their duty, by bringing the subject before the Court.

The motion to quash the writ is overruled. And as the motion on the part of the plaintiffs to amend, in the matter proposed, is unnecesary, we must direct the defendant to plead to the merits.

*Bailey,* for the plaintiffs.

*Barnard,* for the defendant.