By the Court,

Nelson, Ch. J.
The people of this state, in their right of sovereignty, are deemed to possess the original and ultimate property in and to all lands within the jurisdiction of the state (1 R. S. 718, § 1). And in an action of ejectment in their name, proof that the premises claimed were vacant and unoccupied within the period necessary to be shown to establish title by adverse, possession against them, is sufficiént in the first instance to authorize a recovery ( Wendell v. The People, 8 Wend. 183). This proposition necessarily follows, from the fact of their being the source of title, as there can be no deduction of it shown, and, in ordinary cases, no actual possession. *
It seems to have been supposed upon the trial by the counsel and the court, that the limitation to the action of ejectment by the people, prescribed in the revised statutes, governed this case; but this is a mistake, as will be seen by a reference to the 45th § (2 R. S. 300). The “ right of entry ” existed before 1st January, 1830; and consequently, the limitation of the old statute still applied, which was forty years (1 R. Laws, 184, § 1). There was no pretence of an adverse possession for that length of time nor indeed, from the evidence in the case, can it be said that it existed for any [314] length of time. The defendant and the person under whom he entered, claimed no title under either government, the Canadas or New York; but entered and occupied, no doubt, because it was disputed territory, and within no exclusive or settled jurisdiction.
The judge decided correctly, in refusing evidence that the suit was instituted without the assent of the attorney-general (l R. S. 180, §10, 11). The defendant must avail himself of such an objection on motion to set aside the proceedings. The question is one of practice, not of title or jurisdiction. For the purposes of the trial, the court should presume that the suit had been regularly commenced. After plea, it would probably be too late, even to take advantage of such objection on motion, according to the practice of the court in analogous cases.
Without the map and field-book of the survey of Grand-Island; there was sufficient evidence of the location of the lot in question, and that the defendant was in possession, or claimed the possession of the whole of it; .but I perceive no solid objection to the admissibility of the record produced from the clerk’s office. The act of 1824 (Session Laws-, 304), provided, that the commissioners of the land office should cause Grand-Island to be surveyed and divided into lots, a map to be made, and the same or a copy thereof, to be deposited in the office of the clerk of the county of Erie. It further provided, that the maps of the lots, field-book, &c., should bo returned I y. the surveyors to the surveyor-general, “ a copy whereof to be filed in the office of the secretary of state; and also a copy in the office of the clerk of the county of Erie. It appeared that the field-book and map on file in the clerk’s office of Erie were regularly endorsed as such by the surveyor-general, and had been transmitted to the clerk by the deputy secretary of state, under the direction of the commissioners of the land office. The surveyor-general has the superintendence of the surveys of public lands, under the direction of the commissioners of the land office (1 R. S. 182, § 1); and the deputy secretary is the clerk of the board of commissioners (1 R. S. 198, § 4). The manner in which the surveys of the public lands are to be made, have [315] been prescribed by law (1 R. S. 199). The deputy surveyors are appointed by the surveyor-general, and are bound to deliver to him the field-book, maps, &c., which are to be filed in the office of the secretary of state (§ 12, 13, 14). Documents of a public nature, says Mr. Starkie (Starkie’s Ev. pt. 2, § 40), and of public authority, are generally admissible *179 in evidence, although their authenticity is not confirmed by the usual and ordinary tests of truth, and the power of cross-examining the parties on whose authority the truth of the document depends. The extraordinary degree of confidence thus reposed in such documents, is founded principally upon the circumstance, that they have been made by authorized and accredited agents appointed for the purpose, and also partly on the publicity of the subject matter to which they relate, and, in some instances, upon their antiquity. In addition to this, it would not only be difficult but often utterly impossible to prove facts of a public nature, by means of actual witnesses upon oath—such for example, as the passing particular acts of parliament, and the making of public surveys. It is a general rule, also, that whenever the original document is of a public nature, an exemplification (if it is a record), or a sworn copy, is admissible evidence; because documents of a public nature can not be removed without inconvenience and danger of being lost and damaged; and the same document may be wanted in two places at the same 'time. The document must always be proved to be that which it purports to be, and for which it is offered, by some intrinsic proof—as in case of records, terriers, &c., by showing that they came from legal custody or repository; and this is in genera], sufficient, where the original is produced, for a record proves itself (Starkie's Ev. part 2, § 56). In this case, the signature of the surveyor-general to the certificate endorsed on the map and field-book, certifying that the survey of the tract was done according to law, and containing the names of the sub-surveyors, was duly proved. The signature also of the clerk of the commissioners of the land office was proved, which accompanied the documents sent to the clerk of the county, showing that they were deposited in pursuance of the act of 1824. There was also some evidence in the case, but which I do not deem material, of [316] the actual survey of the island by the sub-surveyors. All this, undoubtedly, was competent proof of the survey and map of the premises, unless the officers themselves must be produced, which, according to the rule above referred to, is not necessary.
New trial denied.