DANIELS vs. PATTERSON and others.

3    47
138   206

An irregularity in the commencement of a suit, e. g. where a suit is commenced by declaration in a court of common pleas, when one of the defendants resides without the county, can not be taken advantage of on the trial. The remedy is by motion or plea in abatement.

Under the act of 1844 (*Stat. p.* 215, § 5,) declaring that actions in courts of common pleas may be commenced by declaration " in all cases in which such actions may now be commenced by capias," joint debtors may be sued by declaration in a court of common pleas, although one of them resides out of the county and is not served.

The sureties in a bond given by a plaintiff on the commencement of an action of replevin are not discharged by delay in the prosecution of the suit without their knowledge, although such delay be assented to by the defendant, where it does not appear that the delay was unreasonable and improper.

Where the delay is unreasonable and improper, and is by consent of the defendant in the suit, he can not have an action on the bond for *want of prosecution* merely.

But mere delay, however long, and although assented to by the defendant without any special reason, is no defence in favor of the sureties to an action on the bond, where the breach complained of is the *non-payment of the sum of money* recovered by the defendant in the replevin suit.

To make an exception on account of the rejection of evidence available, the party should make his offer in such plain terms as to leave no room for doubt as to what was intended. If the offer is open to two constructions, he can not in a court of review insist upon that construction which is most favorable to himself, unless it appear that it was so understood by the court which rejected the evidence.

APPEAL from the supreme court. The case was this: In 1839, Mann, one of the defendants, brought a replevin suit against the plaintiff Daniels. The bond on commencing the suit was executed by himself and by the defendants Stickney and Patterson as his sureties. In October, 1845, Daniels recovered judgment in the replevin suit, and in 1847, brought this action on the bond in the common pleas of Niagara county, by the filing and service of declaration. The defendant Mann resided out of the state and was not served. The sureties, Stickney and Patterson, appeared and pleaded; and on the trial they moved for a nonsuit, insisting that Mann being a non-resident of the county, the suit could not be commenced by declaration, and therefore the court had no jurisdiction. The motion was

denied and an exception taken. They then offered to show that the replevin suit was by "agreement and stipulation by and between the parties or their attorneys, for the accommodation of one or the other or both parties, put over and delayed from time to time for several years, without the knowledge or approbation of the sureties Stickney and Patterson, and also that at the time of the commencement of that suit Mann was responsible, but during its progress and before its final termination became insolvent, took the benefit of the bankrupt law, and left the state." This proof was objected to by the counsel for the plaintiff, the objection was sustained, and the defendants' counsel excepted. The plaintiff had a verdict and judgment thereon. The defendants Stickney and Patterson brought error to the supreme court, where the judgment was reversed. The plaintiff appealed to this court.

*E. I. Chase*, for appellant. I. The court of common pleas decided right in not nonsuiting the plaintiff on the ground that the suit had been commenced by declaration. This was not in issue. The objection could not be made on the trial; and furthermore, when the action was commenced, a suit could be commenced by declaration in the common pleas where one of the parties resided out of the state. (*Laws of* 1844, *ch.* 148, § 5.)

II. The court of common pleas was right in excluding the proof offered by the defendant below. (1.) It does not appear from the offer that the replevin suit was put over or delayed by the stipulation or agreement of the parties, or their attorneys, any further or longer than the court would have put over or delayed it, if the party asking the delay had made application for the purpose. (2.) If the delay or putting over had been by the order of the court, for the accommodation of either of the parties, it will not be contended that the sureties, in the replevin bond, could have taken advantage of it. And it will not be presumed that the defendant in the replevin suit, (a large amount of whose property, as the event proves, had been unjustly taken from him by the replevin) would ask for, or grant any "unnecessary and unreasonable delay," or any further delay than was

Daniels v. Patterson.

necessary for the purpose of having the suit fairly argued and tried. (3.) The offer does not show that the parties to the replevin suit, or either of them, were restrained by any stipulation or agreement between them, from proceeding with the suit. (4.) The sureties (so called) in a replevin bond, do not stand in the same relation to the defendant in replevin, as ordinary sureties do, to the creditor or obligee. (*Clarke* v. *Niblo*, 6 *Wend.* 236.) (5.) The English cases cited on the other side, (*Moore* v. *Bowmaker*, 6 *Taunt.* 379, *S. C.* 7 *id.* 97 ; *Archer* v. *Hale*, 3 *Price*, 214 ; 4 *Bing*. 464,) present cases very different from the one under consideration. (2 *R. S.* 533 §§ 64, 65, 66.)

*J. L. Curtenius*, for respondents. I. The judgment of the supreme court should be affirmed : the agreements and stipulations offered in evidence, to put over and delay the suit, without the knowledge or assent of the sureties to the replevin bond, discharged their liability thereon, and the evidence therefore should have been received. (*Bangs* v. *Strong*, 10 *Paige*, 11 ; *S. C. in court of errors*, 7 *Hill*, 250 ; *Fellows* v. *Prentiss*, 3 *Denio*, 512 ; *Rathbone* v. *Warren*, 10 *John.* 588 ; *Clark* v. *Niblo*, 6 *Wend.* 236 ; *West* v. *Ashdown*, 1 *Bing*. 164 ; *People* v. *Green*, 5 *Hill*, 647 ; *Archer* v. *Hale*, 4 *Bing*. 464.)

II. The Niagara common pleas never had jurisdiction of this cause ; the suit having been commenced by the filing and service of a copy of declaration on Patterson and Stickney ; Geo. Mann, jun. the other of the joint defendants, not residing, or at any time during suit being in the county of Niagara ; and neither served with a copy of declaration, nor consenting to appear in the cause, the judgment of the common pleas was void. (2 *R. S.* 347, §§ 1, 2 ; *Laws of* 1833, *p.* 394 ; *Pardee* v. *Haynes*, 10 *Wend.* 630 ; *Morrison* v. *Shelley*, 25 *id.* 407 ; *Ex parte Green* v. *Oneida Common Pleas*, 10 *id.* 592 ; *Laws of* 1844, *p.* 215.)

BRONSON, J. The motion for a nonsuit was properly overruled. Where Mann resided, and how the suit was, or should have been commenced, were matters which did not belong to

the issue to be tried by the jury. If the suit was not regularly commenced, the remedy was by motion, or plea in abatement.

But I see no reason to doubt that the proceedings were regular, although the suit was commenced in the common pleas by filing a declaration and serving it on Stickney and Patterson, without serving it on Mann, who was not a resident of the county, and did not appear. The act of 1844 provides, that actions in the common pleas "may be commenced by service of a declaration, in all cases in which such actions may now be commenced by capias." (*Stat.* 1844, *p.* 215, § 5.) And clearly suits might then be commenced in the common pleas by capias against several joint debtors, although one of them resided out of the county, and was not served with process.

The principal question in the case, is upon an offer of evidence by the defendants, which was rejected by the court. Whether the facts offered to be proved would discharge the sureties, may depend on how the offer is understood. The point of it was, that the replevin suit was, by the agreement of the parties or their attorneys, "put over and delayed, from time to time for several years," without the knowledge or consent of the sureties. There was no offer, in terms, to show that there had been unnecessary or unreasonable delay—more delay than sometimes happens in other cases; nor more than the court of common pleas would have approved, had the matter been brought to its notice. Nor does the offer state under what circumstances the delay happened, so that we can see that it was unnecessary or unreasonable. Delay " for several years," is not necessarily improper; whether improper or not depends on the obstacles which the parties found in prosecuting and defending the suit. A cause may very properly be "put over and delayed," in consequence of the absence or sickness of witnesses; the non-return, or mistaken return of a commission; the sickness of a party, or his counsel; and the like. Such difficulties may happen, and lead to delay, "from time to time," and "for several years," without the fault of either party. If the delays were such as the court would have allowed on the application of one party against the other—and there was no offer to prove the contra-

Daniels *v.* Patterson.

ry—it is of no consequence that they were had " by agreement and stipulation by and between the parties, or their attorneys." It is quite proper for the parties and their attorneys to arrange such matters by consent, in the way they would probably be disposed of by the court upon motion. We all know that offers of evidence are usually made in as broad and strong terms as the facts will warrant ; and as the defendants, neither offered, in terms, to show that there had been improper delay, nor stated facts from which the court can see that such must have been the case, I am unable to say that the common pleas erred in rejecting the evidence. Before a party excepts on account of the rejection of evidence, he should make the offer in such plain and unequivocal terms as to leave no room for debate about what was intended. If he fail to do so, and leave the offer fairly open to two constructions, he has no right to insist, in a court of review, upon that construction which is most favorable to himself, unless it appear that it was so understood by the court which rejected the evidence. And if the meaning of the offer depends upon argument and inference, he must have much the best of the argument, before a court of review should reverse the judgment.

But the case may be put upon still broader ground. The condition of the bond was, that Mann would prosecute the replevin suit to effect, and *without delay* ; and that if Daniels should recover judgment against him, he would return the property, if return thereof should be adjudged, *and would, pay Daniels all such sums of money as he might recover in the action.* The breach assigned is, that Daniels recovered judgment in the action for a large sum of money, which has not been paid. Now, let it be granted that Mann delayed for years, and without necessity, to prosecute the suit, and that Daniels consented to the delay ; the only consequence would be that Daniels could not have an action on the bond for the want of prosecution. He could not complain of that which took place with his consent. If the delay had been without his approval, he might have had an action on the bond for that cause alone, and although the replevin suit was still pending. (*Axford* v. *Per-*

*rett,* 4 *Bing.* 586; *Harrison* v. *Wardle,* 5 *B. & Ad.* 146.)
But although the consent has precluded Daniels from having
such an action, it can have no effect upon the breach which he
has assigned, to wit, the non-payment of the sum of money
which he recovered against Mann in the replevin suit. Mere
delay of the creditor to sue, however long it may continue,
never discharges the surety, unless it be after a request from the
surety to proceed. And Daniels was under no obligation to
hasten Mann in the prosecution of his suit, unless the sureties
requested him to do so; and that is not pretended. Daniels
might consent to a postponement from term to term, and without
any special reason for so doing, providing he did nothing to
prevent Mann from going on with the suit whenever he pleased;
and made no agreement which would preclude him from quick-
ening the proceedings of Mann, should the sureties request him
to do so. In this view of the case, the offer falls far short of
making out a defence.

The cases to which we have been referred do not support the
defence. In *Moor* v. *Bowmaker,* ( 6 *Taunt.* 379, and 7 *id.* 97,)
the sureties twice failed at law ; but afterwards had relief on the
equity side of the court of exchequer, (*Bowmaker* v. *Moor,* 3 *Price,*
214,) on the ground that there had been an agreement between
the parties to the replevin suit by which the plaintiff in that suit
was "precluded from proceeding according to the condition" of
the bond—an agreement staying the proceedings, "so that the
tenant [plaintiff] is restrained, by the act of the landlord,
[defendant,] from doing that which his surety has engaged he
shall do." The case of *Archer* v. *Hale,* (4 *Bing.* 464,) went
upon substantially the same ground. And see *Aldridge* v.
*Harper,* (10 *id.* 118.) There was no offer in this case to prove
an agreement between the parties to the replevin suit, by which
Mann was "precluded from proceeding according to the condi-
tion" of the bond ; or "from doing that which his sureties
have agreed, he shall do." Every thing contained in the offer
might have been proved, without showing that there had been
a moment's delay, except at the request of Mann ; or that Dan-
iels ever did any thing more than consent to such delay as Mann

desired to have.   In short, Daniels did not compel Mann to prosecute his suit "without delay;" but allowed the proceedings to linger for "several years." That is no answer to an action on the bond for the non-payment of the sum which Daniels recovered in the replevin suit.

The other cases to which we were referred are not enough like the one at bar to call for a remark.

I am of opinion that the judgment of the supreme court should be reversed, and that of the common pleas should be affirmed.

Ordered accordingly.