## SEWARD vs. BEÁCH and TOWER.

An act of the legislature, which prohibits the transportation, over a specified plank road, of any load of iron or iron ore, of more than two tons' weight, unless it be upon a vehicle with wheels having a tire of at least six inches in width, is not unconstitutional and void on the ground that it operates as an obstruction upon the iron business and those engaged in it, which is not extended to other articles of freight, or classes of persons.

As a general rule, a common informer cannot maintain an action for a penalty, unless power is given to him for that purpose, by the statute.

And where a statute imposed a penalty of $20, for any offense against it—"one half to the complainant, and the other half to the county treasurer of the county of Dutchess, for the benefit of the poor fund of said county," without saying who should sue, and bring the action for the penalty; *Held* that an individual bringing an action to recover penalties was bound to show some authority for suing; otherwise he could not recover.

THIS action was commenced before a justice of the peace of the county of Dutchess, to recover five penalties of $20 each, under the act of March 17, 1857, "relative to a certain highway in the county of Dutchess." The plaintiff recovered a judgment, before the justice, which was affirmed, on appeal to the county court of Dutchess county, and the defendants appealed to this court.

*John Thompson*, for the appellants.

*I. F. Barnard*, for the plaintiff.

*By the Court*, BROWN, J. By the act of the 17th March, 1857, entitled "an act relative to a certain highway in the county of Dutchess,"(a) the legislature have thought fit to prohibit the transportation over the Poughkeepsie and Stormville Plank Road of any load of iron or iron ore of more than two tons' weight, unless it be upon a vehicle with wheels constructed with tire of at least six inches in width. The object is, doubtless, to preserve the road from injury and destruction by enlarging the surface of the wheel in contact with the road,

(a) *Laws of* 1857, *vol.* 1, *p.* 840.

when the weight exceeds two tons. The defendants take exception to the constitutional force and validity of the act, because it prohibits over two tons of two particular commodities being transported, unless in a given way, while it leaves the weight of other articles which may be passed over the road entirely unlimited. In short, that the act operates as an obstruction upon the iron business and those engaged in it, and not upon any others. This is a very good objection to the policy and good sense of the act; for a ton weight is a ton weight, whether it be of iron, iron ore, grain, hay or any thing else; but it cannot be regarded as inoperative and invalid on that account. It is an instance of that sort of special legislation which is the opprobrium of the statute book, which legislates at particular local evils, and at particular persons and grievances, in place of passing general acts which shall be a rule and a guide to the people of the whole state. This act is intended to suppress what I can well imagine to be a real grievance, and what would doubtless be a grievance every where, whenever it existed; and in place of being limited to the Poughkeepsie and Stormville Plank Road, and the iron manufacturers and dealers who transport these commodities over the road, might have been made general in its operation, and applied with greater wisdom to the entire state. The regulation of roads and highways, and the modes of travel and transportation thereon, is a part of the ordinary duties of the legislature. It is entirely within its control. It may say what shall be the rate of speed at which horses or vehicles may proceed, to which side parties meeting shall turn, in what vehicles and in what quantities merchandise or materials of any kind may be transported. The greater includes the less; and if it can regulate the weight of all merchandise which may be carried at a single load, it can certainly regulate the weight of the single articles of iron and iron ore. The act in question applies as a prohibition upon all persons carrying iron and iron ore in quantities greater than two tons, unless in the prescribed vehicles, and

not to the defendants or to any special class of persons, and thereby I think it is not obnoxious to the objection taken against it.

James A. Seward, the plaintiff, brings this action to recover five of the penalties imposed by the act; and he is bound to show some authority for bringing the action. Concede that the act has been broken, and the penalties incurred, by what right does James A. Seward institute and maintain this proceeding? The law must be so construed as to give it effect, if possible, and at the same time it must be construed strictly, for it is a penal statute. It imposes a penalty of $20 for every offense against it; "one half to the complainant and the other half to the county treasurer of the county of Dutchess, for the benefit of the poor fund of said county." It does not say who shall sue and bring the action for the penalty. It is silent on that subject. If the person making the complaint may sue because he is entitled to one half of the penalty, why may not the treasurer of the county of Dutchess also sue, who is entitled to the other half. And if an interest in the penalty confers the right to bring the action, why should not both the complainant and the county treasurer unite for that purpose. The amendment to the act, passed at the same session of the legislature, April 14, 1857, does not overcome the difficulty. It adds, at the end of the second section, these words: "and in case the complainant fails to sustain his complaint, he shall be holden for the costs thereof." This provision seems to imply that the person making the complaint is not to bring the action; for the plaintiff prosecuting such an action and failing, there would be judgment against him for the costs of the action, under the general law in regard to costs, and the provision in the amendment would be unnecessary. Had the amendment declared that, in case the complainant fails to sustain his complaint, judgment should be entered against him for the costs, the implication would have been clear and certain that it was intended he should be the plaintiff prosecuting the action; for otherwise

Seward *v.* Beach.

he would not have been in a condition to have a judgment entered against him. To say "he shall be holden for the costs," implies that he is not to be a party to the action, and that this provision was necessary to fix his liability. The penalties imposed by the act under consideration are not given to any person who will sue for the same, or to such person in common with another. *Blackstone*, in his commentaries, (*vol. 3, p. 161*,) says : "More usually these forfeitures created by statute are given at large to any common informer ; or in other words, to any such person or persons as will sue for the same ; and hence such actions are called popular actions, because they are given to the people in general. Sometimes one part is given to the king, to the poor or to some public use, and the other part to the informer or prosecutor, and then the suit is called a *qui tam* action, because it is brought by a person '*qui tam pro domino rege, &c. quam pro se ipso in hac parti sequitur.*' When a penal statute expressly gives the whole or a part of a penalty to a common informer and enables him generally to sue for the same, debt is sustainable, and he need not declare *qui tam*, unless when the penalty is given for a contempt ; but if there be no express provision enabling an informer to sue, debt cannot be supported in his name for the recovery of the penalty." (1 *Chitty's Pl.* 105.) As a general rule, a common informer cannot maintain an action for a penalty, unless power is given to him for that purpose by the statute. (*Colburn* v. *Swett*, 1 *Metc.* 232. *Barnard* v. *Gostling and another*, 2 *East*, 569. *Fleming qui tam* v. *Bailey*, 5 *id.* 513. *Bacon's Abr., Action qui tam, A.*)

These authorities appear to me to decide the question against the plaintiff. The judgments in the justice's and in the county courts should be reversed.

[DUTCHESS GENERAL TERM, May 9, 1859. *Lott, Emott* and *Brown*, Justices.]