BETSY MERRY, Administratrix of George Merry, *vs.* GOUVERNEUR M. SWEET and others.

A discharge granted by a county judge under the provisions of the revised statutes in relation to " voluntary assignments made by an insolvent and his creditors," (2 *R. S.* 15,) *held* void, where the petitioner's affidavit annexed to his petition instead of stating that the petitioner had not disposed of or made over any part of his estate for the future benefit of himself or his family, as required by section 7, stated that he had not disposed of or made over any part of his estate for the future benefit of himself *and* family.

The total omission of a fact, necessary to be proved to confer jurisdiction upon an officer, will make all his proceedings void.

It *seems* the county judge has no authority to grant a discharge where a portion of the creditors omit to state the nature of their demands; or where the schedule of the insolvent omits to state the true cause and consideration of his indebtedness to certain of his creditors. *Per* MORGAN, J.

MOTION for a new trial, by the plaintiff, upon exceptions ordered to be heard in the first instance at general term.

This action was brought to recover possession of a canal boat, called the "O. H. Smith," seized by the sheriff of Onondaga county upon an execution in favor of the defendant Sweet against Sylvester Jones. One of the questions litigated upon the trial related to the validity of the mortgage (given by Jones to George Merry) as against creditors. Another question involved the validity of an insolvent discharge, granted to Jones by the special judge of Onondaga county under the two-third act. Both of these questions were decided against the plaintiff by the judge upon the trial, who directed a verdict for the defendants. The general term denied the motion for a new trial, upon both grounds; but we confine the report of the case to the questions arising upon the insolvent discharge. The facts are sufficiently stated in the opinion of the court.

*D. Pratt,* for the plaintiff.

*Chas. Andrews,* for the defendant.

MORGAN, J. If the insolvent discharge of the judgment debtor, (Sylvester Jones,) is valid, it will be unnecessary to discuss the other questions raised by the plaintiff's exceptions. This discharge which appears to be regular on its face, was objected to for want of jurisdiction in the special judge of Oswego county to grant it; and the defendant read in evidence the original petition and schedule upon which the discharge was granted for the purpose of showing a want of jurisdiction

appearing upon the face of the papers. The discharge was under article 3, title 1, chapter 5, part 2d of the revised statutes, in relation to "Voluntary assignments made pursuant to the application of an insolvent and his creditors." (2 *R. S.* 15.) By section 4 of that article, the petitioning creditors are required to make an affidavit, setting forth among other things the nature of their demands, and whether arising on any written security or otherwise, with the general ground and consideration of such indebtedness." The affidavit of George G. Breed only specifies the indebtedness to him to be "on account of judgment entered against said insolvent, justly due to him from said insolvent." The affidavit of William Wait only specifies that the indebtedness to him is "on account of a judgment entered against said insolvent upon a promissory note." These two items amount to $340.12.

The same fault is detected in the schedule of the insolvent. By § 5, subd. 4, this schedule is required to state the time, cause and consideration of such indebtedness in each case, and the place where such indebtedness accrued. The following are the statements in certain cases, and all of them, viz. "E. Merry, Phœnix, $41.63, account accrued at Phœnix. G. Merry, Phœnix, $79.66, judgment on note and account, accrued at Phœnix. Abram Groff, Syracuse, $120.00. E. Horkaway, Salina, $35.00."

By section seven, the petitioner is required to annex his own affidavit to his petition, account and inventory, in which he must depose, among other things, that he had not at any time or in any manner whatever, disposed of or made over any part of his estate for the future benefit of himself *or* his family; whereas the affidavit made by Jones before the special county judge only stated that the petitioner had not made over any part of his estate for the future benefit of himself *and* family.

Without looking further, it is evident that neither the petitioner himself or the petitioning creditors, have conformed to the requirement of the statute. Neither Breed nor Wait,

two of the petitioning creditors, state the general ground or consideration of the judgments. Nor do they add the declaration required by article 7, § 11, (2 *R. S.* 36.) The allegation of Wait that his judgment was entered against the insolvent upon a promissory note, furnishes no information of the consideration of the indebtedness. The statement of the insolvent that he owed an account, or that the demand of G. Merry against him was "a judgment on note and account," furnishes no information of the true cause or consideration of the indebtedness. And there is no pretense that the debt of the insolvent to Abram Groff or E. Horkaway is set forth with any attempt to conform to the requirement of the statute.

Could the special county judge receive the petition and act upon it, as a sufficient compliance with the statute? I think not. As it failed to conform to the requirements of the statute in an essential particular, that officer did not acquire jurisdiction of the proceedings. To confer jurisdiction upon the officer, the schedule of the creditor should contain the particulars required by § 5. (*Stanton* v. *Ellis,* 12 *N. Y. Rep.* 578. And see *Gillies* v. *Crawford,* 2 *Hilton,* 338.) The case of *The People* v. *Stryker,* (24 *Barb.* 649,) seems somewhat adverse to this view; but the point in question was not necessarily before the court in that case. But the defect in the insolvent's affidavit annexed to his petition is perhaps of a more serious character. The change in the phraseology from the language of the statute is not to be deemed immaterial. The affidavit might as well be omitted altogether, if the most material portion of it can be disregarded by the officer to whom it is presented. It is no evidence that the insolvent has not made a provision for himself, because he swears that it is not for himself *and* family. Nor is it evidence that he has not made it for his family alone. If we allow a departure from the plain language of the statute in such a case, there is no omission which may not be palliated or excused in order to clothe the officer with jurisdiction. It is a gen-

eral rule applicable to special proceedings before inferior courts and officers, that where certain facts are to be proved as a ground of jurisdiction, a total defect of evidence as to one fact is sufficient to take away jurisdiction. (*Daniels* v. *Patterson*, 3 *N. Y. Rep.* 47. *People* v. *Bancker*, 5 *id.* 106. *Morewood* v. *Hollister*, 6 *id.* 309.)

As the plaintiff interposed this insolvent discharge as an obstacle in the collection of Sweet's judgment, the defendants have a right to object that it is void for want of jurisdiction in the officer to grant it; and upon an examination of the record, the invalidity of the discharge sufficiently appears to sustain the objection. In my opinion the discharge is void for want of jurisdiction in the special county judge to grant it.

BACON and FOSTER, JJ. concurred, upon the ground that the petitioner's affidavit annexed to his petition, did not conform to the statute. Upon the other points they expressed no opinion.

[ONONDAGA GENERAL TERM, January 3, 1865. *Morgan, Bacon*, and *Foster*, Justices.]