THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, v. JOHN BELKNAP, APPELLANT.

*Action for penalties under the law to protect fish — the authority of the proper officer must appear.*

An action to recover penalties imposed for violating the laws for the protection of fish (secs. 23, 24, chap. 534 of 1879; chap. 127 of 1884 and chap. 11 of 1886), cannot be brought in the name of the people unless it appears that such action was brought by authority of the proper officer.

It cannot be presumed that any officer authorizes an action in which his name does not appear, and in which his authority to bring it is not claimed.

Such an action is a penal action, and the statutes authorizing it must be construed and pursued strictly.

The people have no capacity to sue for penalties, except as authorized by law, and not then except through the officer or person authorized to bring the suit.

APPEAL by the defendant John Belknap from a judgment of the Supreme Court, entered in the office of the clerk of the county of St. Lawrence on the 22d day of October, 1889, with notice of an intention to bring up for review, upon such appeal, an order, entered in said clerk's office on the same day, denying the defendant's motion for a new trial made on the minutes of the court, and the ruling and exceptions to defendant's motion for a dismissal of the complaint.

The action was brought to trial at the St. Lawrence Circuit, before the court and a jury, and a verdict was rendered in favor of the plaintiff for $200.

The action was to recover several penalties of twenty-five dollars each for violating the laws for the protection of fish.

The summons and complaint were not signed by any district attorney, and there was no allegation or claim that the action had been commenced under the direction of any fish or game protector or other officer.

*Whitney & Whitney,* for the appellant.

*R. E. Waterman,* for the respondent.

LANDON, J. :

The defendant incurred the penalties to the amount of the verdict. The point which he raised by his answer and motions for the dismissal of the complaint is that this suit against him in the name of the People of the State of New York as plaintiff, was not shown by the complaint or otherwise to have been brought under any statutory authority, and that without such authority and a compliance with it the people have no capacity to sue, and no attorney or individual has the right to use their name as party plaintiff. Neither the complaint nor the evidence showed by what authority the people were made plaintiff.

Undoubtedly, the People of the State of New York have the capacity to sue, (1) where enabled to do so by statute; (2) where the property or pecuniary rights vested in the people of the State are involved. But in either case such a suit must be brought by some officer or person duly authorized by law to use the name of the people as a party plaintiff. As was said in *People* v. *Ingersoll* (58 N. Y., at page 17), "such a committal of power should be the act of the legislature, who can hedge it about with all necessary safeguards." Again, "whenever the legislature, by statutory enactment, has conferred upon State officers or public bodies authority to represent the body of the people in the exercise of any prerogative right no question can arise, for in those matters, except as restrained by the Constitution, the legislature is supreme." (See *People* v. *Fields,* Id., 491; *People* v. *Booth,* 32 N. Y., 397.) Following the Ingersoll

and Fields cases, chapter 49, Laws of 1875 (now Code Civil Pro., §§ 1969 et seq.), conferred upon the people of the State the right to bring such actions as were defeated in those cases, and conferred upon the attorney-general the power to bring them. The Code of Civil Procedure, sections 1893, 1894, provides that when a penalty is given by statute to an individual he can sue for it in his own name. When the penalty is given to the people the attorney-general or district attorney must bring the action. (Id., § 1962.) These general provisions do not supersede special provisions of the statute authorizing actions for penalties in special cases, but they indicate the policy of the State, that no one shall use the name of the people of the State as a party plaintiff except in pursuance of some enabling law.

It is urged that this is not a question of the capacity of the people of the State to sue, but one of authority. But the people of the State are in this respect unlike an individual or domestic corporation. An individual not laboring under disability has a capacity to sue in whatever action he chooses to bring in his own name, however unsound his cause of action may be. So of a domestic corporation. But the people have no such general capacity. They have no capacity to sue for penalties except as authorized by law, and not then except through the officer or person authorized to bring the suit. If the proper agency is absent, the capacity is absent. In fact the people, as a body aggregate, under a constitutional government, are practically in ward, the public officers being their guardians. The people, strictly speaking, have no capacity to use their own name, the proper officers use it as the law permits. Hence the name of the people as party plaintiff in an action brought by an unauthorized attorney, simply as "plaintiffs' attorney," is the name of a party without capacity to sue in that suit, and without capacity to sue for the penalties therein specified, except upon the condition precedent lying at the foundation of its capacity, namely, that it shall be brought into court by the proper agent of the law. But whether the defect is one of capacity or of authority, this action, if either defect exists, is not maintainable. If, without authority, the action rests upon usurpation, and the defendant is punished, in the name of the people, when they have not moved against him.

The penalties in question were incurred under sections 23, 24,

chapter 534, Laws of 1879. Section 23 was amended by chapter 127, Law of 1884, and section 24 by chapter 11, Laws of 1886. Section 33 of the act of 1879, provided that "all penalties imposed by this act may be recovered, with costs of suit, by any person in his own name;" and the district attorney was also authorized to bring actions for their recovery in the name of the people. We have examined all the statutes subsequently enacted to which we have been cited, especially chapter 591, Laws of 1880, and chapter 317, Laws of 1883, the provisions of which relative to the bringing of actions, were expressly repealed by section 10, chapter 577, Laws of 1888; also, chapter 429, Laws of 1886. Chapter 577, Laws of 1888, makes it the duty of the game and fish protectors to enforce the laws of the State for the protection of game and fish. They are authorized to direct the commencement of suits for the purpose.

Section 3. "Such suits shall be commenced on the order of any game and fish protector, in the name of the people, by any district attorney where the offense shall be alleged to have been committed, or by the district attorney of an adjoining county. * * * If it shall appear in any case that the business of the office of the district attorney of any county where suits may be thus commenced is so pressing that the district attorney cannot give to such suits prompt and necessary attention, the game and fish protector having authority to direct the prosecution may, with the approval of the chief game and fish protector, employ other ceunsel in the same county to commence and conduct such suits to termination." It may be that, under section 2, chapter 429, Laws of 1886, game constables, sheriffs and deputy sheriffs have the same powers in this respect as game protectors.

As the law stands, an individual may bring the suit in his own name, and, of course, at his own expense. District attorneys may bring the suits in the name of the people, either upon their own motion or upon the direction of the proper officer. Counsel, other than the district attorney, may in the exceptional cases mentioned in chapter 577, Laws of 1888, bring such actions in the name of the people. But no presumption can be entertained that this action was authorized by the proper officer. We cannot presume that any officer authorized an action in which his name does not appear and his authority is not claimed.

This is a penal action and the statutes authorizing it must be construed and pursued strictly. As the record stands, the case never had any lawful existence, and, of course, could not result in a lawful judgment against the defendant. (*Seward* v. *Beach*, 29 Barb., 239.)

Judgment is reversed, with costs.

LEARNED, P. J., and MAYHAM, J., concurred.

Judgment and conviction reversed.