THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* IRVING D. LAMB, Respondent.

*Want of capacity to sue, how raised — an attorney's authority, when to be questioned — a retainer presumed — action to enforce the penalty provided for in chapter 338 of 1893 — complaint by the commissioner of agriculture.*

A defendant is not in a position to raise the question that the plaintiff has not capacity to sue, unless his answer or demurrer contains allegations to that effect.

The question as to the right of the attorney, appearing for the plaintiff in an action, to appear and bring the suit, must, as a general rule, be raised by a motion before the trial, and is not an issue to be disposed of at the trial.

When a party appears by an attorney a retainer will, as a general rule, be presumed.

There is nothing in the provisions of chapter 338 of the Laws of 1893 making it necessary for the plaintiff, in an action brought to enforce the penalty provided in such act for the selling of adulterated or impure milk, to allege in his complaint and prove that the action was caused to be brought by the commissioner of agriculture.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Broome on the 2d day of July, 1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Broome Circuit, and also from an order entered in said clerk's office on the 27th day of June, 1894, denying the plaintiff's motion for a new trial made upon the minutes.

*A. D. Wales*, for the appellant.

*Jno. P. Wheeler*, for the respondent.

MERWIN, J.:

In the complaint in this case it is alleged that the defendant, on the 8th day of August, 1893, in violation of sections 20, 22 and 37

of chapter 338 of the Laws of 1893, entitled " An act in relation to agriculture," offered for sale and sold a quantity of adulterated and impure milk to a certain creamery, and thereby incurred the penalty of $100 provided by said section 37, and became indebted to the plaintiff thereby in the sum of $100. Upon the trial the plaintiff gave evidence tending to show that at the date referred to the defendant sold milk which was adulterated within the standard laid down in section 20 of the act. At the close of the plaintiff's evidence, the defendant made a motion for a nonsuit on the grounds that the plaintiff had failed to establish a cause of action, and that it was necessary for the plaintiff to allege and prove that this action was brought by the State Dairy Commissioner. There was no such allegation in the complaint, or proof, and for this reason, as the counsel on both sides concede, the nonsuit was granted.

By section 37, above referred to, it is provided that " every person violating any of the provisions of this article shall forfeit to the People of the State of New York the sum of one hundred dollars for every such violation." Section 8 of the act is as follows : " § 8. Prosecution for penalties. Whenever the commissioner of agriculture shall know or have reason to believe that any penalty has been incurred by any person for a violation of any of the provisions of this chapter, or that any sum has been forfeited by reason of any such violation, he may cause an action or proceeding to be brought in the name of the People for the recovery of the same." By section 9 it is provided that one-half of the recovery shall be paid to the county for the benefit of the poor, and the other half be paid into the treasury of the State and be applicable to the payment of the expenses of the department of agriculture. By section 2 the commissioner of agriculture is authorized to employ such agents and counsel as he may deem necessary for the proper enforcement of the laws relating to agricultural products.

The claim of the defendant is that it was necessary for the plaintiff to allege in the complaint and prove that the action was caused to be brought by the commissioner of agriculture. There is nothing in the statute that requires this to be alleged or proved as part of the cause of action. On the contrary, the occasion or propriety of giving such authority is predicated on the fact that a cause of action exists. The cause of action accrues to the People upon the

violation of the statute. In the complaint the particular acts or omissions which constitute the cause of action are to be set forth. (*The People* v. *Brooks*, 4 Den. 469.)

Very clearly the action of the commissioner under section 8 is not any part of the cause of action. Nor does it affect the ownership of the right of action, for by section 37 it is only given to the People, and there is no provision for bringing suit in the name of any other party. The objection of the defendant, therefore, must go either to the capacity of the plaintiff to sue or to the authority of the plaintiff's attorney to appear.

If the objection is deemed to relate to the capacity of plaintiff to sue (*Fulton Fire Ins. Co.* v. *Baldwin*, 37 N. Y. 648; *Perkins* v. *Stimmel*, 114 id. 359; *Nanz* v. *Oakley*, 122 id. 631; *People ex rel. Meakim* v. *Eckman*, 63 Hun, 212), then the defendant is not in a position to raise it, as it is not raised by demurrer or in the answer. (Code, § 499.)

If the objection relates to the right of the plaintiff's attorney to appear for the plaintiff and bring the suit, then, as a general rule, at least, that is matter for a motion before the trial, and is not an issue to be disposed of at the trial. (*Clark* v. *Fitch*, 2 Wend. 464.) In *The People* v. *Denison* (17 Wend. 312), which was an action of ejectment, the defendant offered to prove that the suit was prosecuted by an attorney of the court for the benefit of individuals, without the knowledge or permission of the Attorney-General of the State, as required by sections 10 and 11 of title 5, chapter 8, part 1 of the Revised Statutes (1 R. S. 180). This was ruled out and on appeal the ruling was held to be correct, the court saying that " the defendant must avail himself of such an objection on motion to set aside the proceedings. The question is one of practice, not of title or jurisdiction. For the purposes of the trial the court should presume that the suit had been regularly commenced." An irregularity in the mode of commencing a suit cannot be taken advantage of at the trial. (*Daniels* v. *Patterson*, 3 N. Y. 47.) The remedy by motion was employed in *Commissioners of Excise* v. *Purdy* (36 Barb. 266) and *Sutter* v. *Fauble* (25 Hun, 195). When a party appears by attorney a retainer will, as a general rule, be presumed. (*Hamilton* v. *Wright*, 37 N. Y. 502.) It is not claimed that section 1962 of the Code applies to this case. Here special provision is

made for the manner of the enforcement of the penalties under the Agricultural Law ; a particular department is charged with the duty of executing that law. (§ 2 of the act.)

The defendant relies on the case of *People* v. *Belknap* (58 Hun, 241). That was an action to recover penalties given by sections 23 and 24 of the Game Law of 1879 (Chap. 534 of the Laws of 1879). The summons and complaint were not signed by any district attorney and there was no allegation or claim that the action had been commenced under the direction of any fish or game protector or other officer. It was held that the action was not maintainable, and a judgment for penalties was reversed. In that case, unlike the present one, the question of capacity of plaintiff to sue was raised by the answer. It is also to be observed that the sections, under which in that case the penalties were claimed, provided simply that the party offending " shall be liable " to a certain penalty, without stating to whom. By other provisions of that or subsequent acts, the penalties could be sued for by any person in his own name, or by the district attorney of the county in the name of the People, either on his own motion or by the direction of a game protector, and in certain cases the game protector could employ other counsel to commence suits in the name of the People. In the present case the statute in terms gives the penalty or forfeiture to the People, and an action is not authorized in the name of any one else.

We think that the *Belknap* case is materially different from the present one and should not be deemed to be controlling in this case. It was not necessary for the plaintiff, in stating the facts constituting its cause of action, to state that its agent had authorized the bringing of the suit. If for any reason the plaintiff had not capacity to sue, the defendant waived the objection by not taking it by answer or demurrer. If the plaintiff's attorney had no right to appear for the plaintiff, the question should have been raised before the trial, within the principle of the case of *People* v. *Denison* (*supra*). We think that the motion for a nonsuit should not have been granted.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment reversed on the exceptions and a new trial ordered, with costs to abide the event.