STATE OF NORTH DAKOTA *vs.* CHRISTIAN MESSNER.

Opinion filed April 28, 1900.

**Action for Penalty—Parties.**

An action cannot be maintained in the name of the state to recover
the penalty specified in section 1686, Rev. Codes.

**Action for Penalty in Name of Person Beneficially Interested.**

Penalties can only be recovered in civil actions in this state by
the party for whose benefit the recovery can be had.

Appeal from District Court, Cass County; *Pollock*, J.

Action by the State against Christian Messner. Judgment for
plaintiff, and defendant appeals.

Reversed.

*Ball, Watson & Maclay,* for appellant.

*Fred B. Morrill* and *Edward Engerud,* for the State.

BARTHOLOMEW, C. J. This action was brought in the name of
the state, and by the state's attorney of Cass county, against the
defendant, a road overseer of the Town of Durbin, in said county,
to recover the penalty of $50, as specified in section 1886, Rev.
Codes, by reason of the failure of the defendant to destroy noxious
weeds as provided by sections 1683-1686, Rev. Codes. The de-
fendant demurred to the complaint upon two grounds. The first,
and only one that we shall consider, raised the question of the
plaintiff's capacity to sue. From an order overruling the demurrer,
the defendant appeals to this court.

Section 1686, Rev. Codes, reads: "Whenever an overseer of

highways or supervisor shall neglect or refuse to comply with the provisions of this article after having received notice as provided for herein, he shall be subject to a fine of fifty dollars, and it is the duty of the state's attorney to enforce the provisions of this article." Nothing whatever is said as to the disposition of this fine when recovered. It is not a fine or penalty imposed as a punishment for crime, and hence is clearly recoverable in a civil action under section 5785, Rev. Codes. The following section (5786) declares: "Such action shall be brought as follows: (1) If the entire recovery is payable to the state by the attorney general or the state's attorney of the proper county in the name of the state. (2) If the entire recovery is payable to a public corporation the action shall be brought in the name of such corporation by its proper legal officer. (3) If the recovery is payable partly to the state or public and partly to an individual, an action may be brought by such individual or by the state or public corporation, as the case may be, or by such individual and the state or public corporation." It will thus be seen that no party is authorized to sue for such penalty, or any part thereof, unless the recovery of the penalty is in whole or in part for the benefit of such party. The statute is restrictive. Nor have we any general provision directing a dispostion of such penalties in the absence of special provisions. If it were a fine imposed as punishment for crime, it would go into the proper county treasury for the benefit of the school fund. Section 7736, Rev. Codes. But it is not such a fine. Section 5792 contains the following: "All moneys collected on account of any judgment under the provisions of this chapter, except such as are payable by law to an individual, shall be paid by the officer collecting the same to the treasurer of the state, or of the county, town, city or village entitled thereto, as the case may be, within twenty days after its collection or receipt by him." The money must be paid into the treasury "entitled thereto," and that means entitled thereto by some provision of law. We may not aid the statute by presumptions, and, if we could, we know of no reason why that presumption should be in favor of the state. Section 1119, Rev. Codes, provides for another penalty against this same officer for neglect of duty, but there it is specified that the penalty shall be "sued for by the chairman of the board of supervisors of the township and when recovered, applied by him in making and improving the roads and highways therein." It is true that there is a dictum in *Wiscasset* v. *Trundy,* 12 Me. 204, in which it is said that where a penalty is created, and no mode of recovery provided, and no person specified to whom it shall be paid, it may be recovered by the sovereign. It is there said that such is the law of England, and it may be the law in the absence of restrictive statutes. In *Colburn* v. *Swett,* 1 Metc. (Mass.) 232, it was held that, where a penalty was created for the benefit of certain parties, such parties could not authorize another to bring the action; and without deciding whether or not, in that particular case, the benefited parties might maintain the action, the court held that it might be recovered

by indictment or by the commonwealth. But clearly it could not be so recovered in this state, by the express terms of our statute. The matter is also discussed slightly in *Brownell* v. *Railroad Co.*, 164 Mass. 29, 41 N. E. 107, 29 L. R. A. 169; but all that is decided by that case is that, where the forfeiture is to the commonwealth, only the commonwealth can maintain an action for its recovery. Our statutes are, in substance, like those in New York. In *People* v. *Belknap*, 58 Hun. 241, 12 N. Y. Supp. 143, the court said: "The Code of Civil Procedure (sections 1893 and 1894) provides that, when a penalty is given by statute to an individual, he can sue for it in his own name. When the penalty is given to the people, the attorney general or district attorney must bring the action. Id. § 1962. These general provisions do not supersede special provisions of the statute authorizing actions for penalties in special cases, but they indicate the policy of the state, that no one shall use the name of the people of the state as a party plaintiff, except in pursuance of some enabling law. It is urged that this is not a question of the capacity of the people of the state to sue, but one of authority. But the people of the state are in this respect unlike an individual or domestic corporation. An individual not laboring under disability has a capacity to sue in whatever action he chooses to bring in his own name, however unsound his cause of action may be. So of the domestic corporation. But the people have no such general capacity. They have no capacity to sue for penalties, except as authorized by law; and not then, except through the officer or person authorized to bring the suit." If it is true, under our statutes,—and we think it is too clear for discussion,— that the state has "no capacity to sue for penalties except as authorized by law," then certainly the state cannot maintain this action. True, there is no other party who can maintain it. This is by reason of a legislative lapse. If the legislature intends that penalties shall be recovered in civil actions, it must designate for whose benefit the recovery can be had. Failing in that, the penalty cannot be recovered. The District Court will set aside its order, and enter an order sustaining the demurrer.

Reversed. All concur.