The Town of Stamford, Respondent, *v.* William J. Calhoun, Appellant.

(County Court, Delaware County, November, 1910.)

Counties — Board of supervisors — Powers in general — To impose penalty for prohibited use of highway — Sufficiency of legislation.
Penalties — Actions for penalties — Parties — Plaintiffs —Failure of law to authorize persons to sue.

> A law passed by the board of supervisors of a county which imposes a penalty for its infraction, but neither authorizes any one to bring an action for its recovery nor provides for the disposition to be made of the penalty when recovered, is defective.

Misc.]     County Court, Delaware County, November, 1910.

> In such a case, where the law relates to the use of the public highways, an action in the name of the town for the recovery of the penalty cannot be maintained.

APPEAL from a judgment of a justice of the peace of the town of Stamford, awarding to the plaintiff the sum of thirteen dollars and seventy cents, being a ten-dollar penalty for an alleged violation of the so-called Wide Tire Law, passed by the board of supervisors of Delaware county, and three dollars and seventy cents costs of the action.

Andrew J. McNaught, Jr., for appellant.

O'Connor & O'Connor, for respondent.

GRANT, J.   This is an action to recover a penalty of ten dollars under the Wide Tire Law, being "An Act to amend the Wide Tire Law, relative to regulating the width of the tires used on vehicles carrying heavy loads upon the public highways, and providing penalties for the violation thereof," enacted by the board of supervisors of Delaware county, May 3, 1910.

Section 1 of the law provides: "No person, corporation, association or company shall use or cause to be used upon any of the public highways of the county of Delaware, any wagon or vehicle built or designed for carrying loads, unless the tires thereof shall conform in width to the following specifications: If the weight carried shall exceed 2,000 pounds and be less than 4,000 pounds, the width of the tire shall be at least 3 inches; if the weight carried be not less than 4,000 pounds nor more than 6,000 pounds, the width of the tire shall be not less than 3½ inches; if the weight carried be not less than 6,000 pounds, the width of the tire shall be not less than 4 inches."

Section 2 provides: "A penalty of ten dollars is hereby imposed for each violation of section one of the act, and each trip made with the wagon, the tires of which do not conform to said specifications, shall constitute a separate violation."

Section 3 provided that the act should take effect immediately.

On June 5, 1910, the defendant's team, with a load of milk, claimed to exceed the limit in weight prescribed by the foregoing act, traveled from his residence to Hobart, over what is known as the Township road; and on the 14th day of June, 1910, this action was brought in the name of the town, by the town superintendent of highways, to recover a ten-dollar penalty prescribed by the act.

At the close of the plaintiff's case, the defendant moved for a nonsuit upon the grounds, *First.* That the summons was insufficient to confer jurisdiction. *Second.* That the plaintiff was without legal capacity to sue the defendant for the recovery of the alleged penalty. *Third.* That the town superintendent of highways was without legal capacity or authority to sue in the name of the town. *Fourth.* That the alleged Wide Tire Law is unconstitutional and void. *Fifth.* That the plaintiff failed to prove that the defendant violated the provision of said law. *Sixth.* That the court was without jurisdiction of the defendant or the subject matter under said Wide Tire Law or any other. *Seventh.* That plaintiff failed to prove that the defendant drove a specified load upon a wagon having tires less than three inches in width, upon a legal and duly laid out public highway in said town, and that plaintiff has failed to establish a cause of action against the defendant.

In my judgment the nonsuit should have been granted. The so-called Wide Tire Law passed by the board of supervisors, and under which this action is brought, does not authorize or empower the superintendent of highways, or any other person, to bring an action in the name of the town or otherwise to recover the penalty prescribed; and in that respect it is defective.

In this case the action is brought in the name of the town. There is no authority in the act to bring the action in the name of the town, and without such authority the town is without capacity to sue. The act of the board of supervisors is a penal statute and must vest in some person or officer the right to institute and maintain the action, or it is inoperative and void. People v. Belknap, 58 Hun, 241; Seward v. Beach, 29 Barb. 239.

It is claimed by the respondent that section 73 of the Highway Law furnishes ample authority. The section is as follows: "Action for injury to highways.— The town superintendent shall bring an action in the name of the town, against any person or corporation, to sustain the rights of the public in and to any town highway in the town, and to enforce the performance of any duty enjoined upon any person or corporation in relation thereto and to recover any damages sustained or suffered, or expense incurred by such town, in consequence of any act or omission of any such person or corporation in violation of any law or contract in relation to such highway."

This action is not brought to sustain the rights of the public in any highway or to enforce the performance of any duty; neither is it brought to recover any damages sustained or suffered, or expense incurred, by the town; on the contrary, it is brought to recover a penalty and hence is not one of the class mentioned in that section.

It is also claimed by the respondent that section 11 of the Town Law authorizes the action to be brought in the name of the town; but an examination of the section discloses the fact that the cause of action mentioned in the complaint is not one of the class enumerated in the section.

It seems clear to me that the act of the board of supervisors under which this action is brought is defective, in that it does not vest in any person or corporation the capacity to sue for the penalty, nor authorize any officer or person to institute the proceeding; and a further objection might be urged, although it is not made in this case, that it does not provide what disposition shall be made of the penalty, should one be recovered.

As a determination of the question calls for a reversal of the judgment, it is unnecessary to consider the other question raised.

The judgment of the justice should be reversed, with costs, and an order may be entered accordingly.

Judgment reversed.